Kevin R. Reich, Esq.
E. Evans Wohlforth, Jr., Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, NJ  07102-5310
(973) 596-4500
*Attorneys for Defendant*
*Aetna Health Insurance Company*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANA MOREL,<br><br>     Plaintiff,<br><br>v.<br><br>NEW JERSEY MANUFACTURERS INSURANCE COMPANY, AETNA HEALTH INSURANCE COMPANY and JOHN DOES 1-20 (fictitious names),<br><br>     Defendants. | Civil Action No.: _____.<br><br>[Previously pending in the Superior Court of New Jersey, Law Division, Passaic County, Docket No. PAS-L-2872-19]<br><br>**NOTICE OF REMOVAL**<br><br>*Document electronically filed* |

**TO:** **Clerk of the Court**
   United States District Court
   District of New Jersey
   Martin Luther King Jr. Federal Bldg.
    & U.S. Courthouse
   50 Walnut Street
   Newark, New Jersey 07101

| | |
|---|---|
| David S. Silverman, Esq.<br>SILVERMAN AND ROEDEL, LLC<br>1187 Main Avenue – Suite 2C<br>Clifton, New Jersey 07011<br>(973) 772-6411<br>*Attorneys for Plaintiff* | Rosemarie D. Berard, Esq.<br>POMEROY, HELLER, LEY, DIGASBARRO & NOONAN, LLC<br>98 Floral Avenue, Suite 201<br>New Providence, New Jersey 07974<br>*Attorneys for Defendant New Jersey Manufacturers Insurance Company* |

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Aetna Health Insurance Company ("Aetna"), through its attorneys Gibbons P.C., hereby files this Notice of Removal to remove the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of New Jersey, Law Division, Passaic County, to the United States District Court for the District of New Jersey.  For the reasons stated below, removal of this action is proper because Plaintiff challenges the alleged failure of Aetna to pay the appropriate amounts for services under an employer-sponsored health benefits plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA").  Therefore, the Complaint is completely preempted by ERISA, and this Court has federal question jurisdiction under 28 U.S.C. § 1331.  As to any cause of action not subject to this Court's original jurisdiction under 28 U.S.C. § 1331, this Court also has supplemental jurisdiction under 28 U.S.C. §§ 1367 and 1441(c).

## I. PROCEEDINGS TO DATE

1. A lawsuit styled Ana Morel v. New Jersey Manufacturers Insurance Company, Aetna Health Insurance Company, and John Does 1-20, Docket No. PAS-L-2872-19, was filed on September 13, 2019, in the Superior Court of New Jersey, Law Division, Passaic County (the "State Court Action").

2. Plaintiff purported to effectuate service on Aetna on September 16, 2019, by causing a Summons and Complaint to be delivered by hand to the offices of Aetna Health Insurance Company in Hartford, Connecticut.

3. Annexed as Exhibit A hereto are copies of all pleadings that have been filed in the State Court Action to date, including the Complaint and Case Information Sheet, Affidavit of

1

Service on defendant New Jersey Manufacturers Insurance Company ("NJMIC"), and Answer and Crossclaim of NJMIC.[1]

## II.     PLAINTIFF'S COMPLAINT

4. Plaintiff Ana Morel ("Plaintiff") alleges in her Complaint that she was injured in a motor vehicle accident on May 24, 2016. (Compl. First Count ¶ 1.)

5. At the time of the accident, Plaintiff alleges that she had an auto insurance policy, issued by NJMIC, that provided both personal injury protection coverage and underinsured motorist coverage. (Id. ¶ 3.)

6. Plaintiff alleges that in 2016, after the accident, she filed a claim pursuant to this auto insurance policy (id. ¶ 3) but has been denied coverage (id. ¶ 5).

7. Also at the time of the accident, Plaintiff alleges that she had health insurance with Aetna that provides coverage for medical bills incurred in the event of an automobile accident. (Compl. Second Count ¶ 3.)

8. Plaintiff alleges that she opened a claim for medical benefits pursuant to this health insurance plan (id. ¶ 3) but that Aetna "has either refused to honor said demands for payment or has paid sums below the normal fee schedule for such services billed" (id. ¶ 5).

9. Plaintiff seeks unspecified damages against Aetna in the form of medical benefits, pursuant to the terms of the plan in question. (Id., Wherefore clause).

10. Upon information and belief, based on identifying information in the Complaint, the cause of action asserted by Plaintiff against Aetna concerns benefits alleged to be owed under an employee benefit plan and is thus governed by ERISA. See 29 U.S.C. § 1002(1)(A).

---

[1] Recitation in this Notice of Removal of certain allegations in the pleadings in this matter is not an admission of their truth. Aetna does not waive, and hereby expressly reserves, all rights, privileges, and defenses in this matter.

11. Because the Complaint challenges Aetna's alleged failure to pay appropriate amounts for services pursuant to an employee benefit plan subject to ERISA, this action concerns claims for benefits offered to ERISA plan participants.

### III.   GROUNDS FOR REMOVAL

12. As described in Part II above, because Plaintiff complains about alleged failures to pay benefits under an ERISA-governed plan, its state-law claim against Aetna based upon those alleged failures is completely preempted by ERISA and removable to this Court based upon its federal question jurisdiction under 28 U.S.C. § 1331.  As the United States Supreme Court has repeatedly held, the "carefully integrated civil enforcement provisions" in Section 502(a) of ERISA, 29 U.S.C. § 1132(a), set forth the "exclusive" remedies available for the allegedly erroneous denial, non-payment, or underpayment of benefits available under an ERISA-governed health benefits plan.  Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987).

13. Indeed, the exclusivity of ERISA remedies is so strong that it permits removal of any purported state-law cause of action that amounts to an alternative mechanism for enforcing a claim to ERISA-governed benefits.  See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987) (the preemptive force of ERISA operates to "convert[]" ordinary state law claims into federal claims for purposes of the well-pleaded complaint rule); see also Aetna Health, Inc. v. Davila, 542 U.S. 200, 209 (2004) (holding that "any state-law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted").

14. In Davila, two members of ERISA-governed plans asserted state-law claims against managed care companies seeking damages resulting from injuries allegedly sustained as a result of the defendants' decision not to cover treatments recommended by the members'

3

treating physicians. Id. at 204-05. The Supreme Court held that the state-law claims were completely preempted by ERISA and thus removable to federal court, because the defendants' liability for any damages "would exist here only because of petitioners' administration of ERISA-regulated benefit plans," and thus the defendants' "potential liability under [state law] in these cases . . . derives entirely from the particular rights and obligations established by the benefit plans." Id. at 213.

15. The same is true here because any obligation on the part of Aetna regarding payment and/or approval for medical services rendered is grounded in Plaintiff's ERISA plan. Such claims are preempted "no matter how couched." Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 273 (3d Cir. 2001). The Complaint is thus preempted by ERISA, and this action is properly removable to this Court. See Davila, 542 U.S. at 213; see also Pryzbowski, 245 F.3d at 273 (noting that claims challenging the administration of or eligibility for benefits "fall[] within the scope of § 502(a) and [are] completely preempted").

### IV.  SUPPLEMENTAL JURISDICTION

16. This Court has supplemental jurisdiction over any non-ERISA causes of action which may be construed in Plaintiff's Complaint under 28 U.S.C. §§ 1367 and 1441(c).

### V.  VENUE

17. The State Court Action was filed in the Superior Court of New Jersey, Law Division, Passaic County, which is within this judicial district. See 28 U.S.C. § 110. This Court is thus the proper court for removal under 28 U.S.C. §§ 1441(a), 1446(a).

### VI.  TIMELINESS

18. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because 30 days have not passed since September 16, 2019, when putative service of the Complaint was effected

on Aetna.  Cf. Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 356 (1999) (holding that proper service under state law triggers the time period for filing of removal).

19. As of this date, Aetna has not filed any responsive pleading in this action.

### VII.   NOTICE

20. Aetna will give written notice of the filing of this Notice of Removal to all counsel of record, per 28 U.S.C. § 1446(d), and a copy of this Notice, together with a Notice of Filing Notice of Removal, will be filed with the clerk of the Superior Court of New Jersey, Passaic County.  A copy of the Notice of Filing Notice of Removal is annexed as Exhibit B.

### VIII.   CONSENT

21. All defendants named in the Complaint consent to this Notice of Removal.  A Consent to Removal signed by counsel for NJMIC is annexed as Exhibit C.

## CONCLUSION

22. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11, as required by 28 U.S.C. § 1446(a).

23. Based on the foregoing, Aetna respectfully requests that this action proceed in this Court as an action properly removed to it.

Respectfully submitted,

Dated: October 16, 2019  By:  s/ Kevin R. Reich            .
Newark, New Jersey   Kevin R. Reich, Esq.
   E. Evans Wohlforth, Jr., Esq.

**GIBBONS P.C.**
One Gateway Center
Newark, NJ  07102-5310
Tel:  (973) 596-4500
kreich@gibbonslaw.com
ewohlforth@gibbonslaw.com

*Attorneys for Defendant*
*Aetna Health Insurance Company*